IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Alice M. Monti, | ) | Case No.: 05-02704-BGC-7 |
| | ) | |
| Debtor. | ) | |

## ORDER DENYING MOTION FOR TURNOVER

### I. Background

The debtor owns a 1985 Porsche 944 automobile. In her bankruptcy petition, she valued that vehicle at $500 and claimed it as exempt property. The Chapter 7 Trustee filed a Motion for Turnover of the Porsche on August 19, 2005. Because the trustee did not file that motion, or an objection to the debtor's claimed exemption of the Porsche, within the time period specified in Bankruptcy Rule 4003(b), based on the authority of Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) and Allen v. Green (In re Green), 31 F.3d 1098 (11th Cir. 1994), the Court concludes that the Motion for Turnover is due to be denied.[1]

### II. Findings of Fact

### A. The Debtor's Chapter 7 Petition

The debtor filed her chapter 7 bankruptcy petition on March 18, 2005.[2] In her Personal Property Schedule B, the debtor listed a 1985 Porsche 944 in the column entitled, "Description and Location of Property." In the next column, entitled "Current Market Value of Debtor's Interest in Property Without Deducting Any Secured Claim or Exemption," the debtor entered "$500.00."

The debtor also listed the vehicle in her Property Claimed as Exempt Schedule C. Under the column entitled "Description of Property" the debtor listed, "1995 Porsche 944." Under the column entitled "Value of Claimed Exemption," the debtor entered "$500.00. In the next and final column, entitled "Current Market Value of Property Without Deducting Exemption," she again entered "$500.00."

---

[1] After notice, a hearing was held on August 30, 2005. Appearing were: Alice Monti, the debtor; Neil Clay, her attorney; Harrison Willis, the trustee's attorney; Daniel Whitman, a witness; and Clydette Hughes, a witness. The Motion for Turnover was submitted on testimony, exhibits admitted into evidence, the record in this case, and arguments of counsel.

[2] Consequently, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, P.L. 109-8, 119 Stat. 37, does not apply.

In her Creditors Holding Secured Claims Schedule D, the debtor listed a debt of $7,850 to "Auto Connection Credit, Inc." That debt is, according to the information contained in Schedule D, secured by the Porsche. In the column, entitled "Amount of Claim Without Deducting Value of Collateral," the debtor entered "$7,850.00. In the next column, entitled "Unsecured Portion, If Any," the debtor entered "$7,350.00." That reduced amount agrees with the debtor's belief that the car was worth $500, and that the secured portion of her debt to Auto Connection was $500.

### B. The Trustee's Motion

As stated above, the pending case was filed on March 18, 2005. According to the Court's records, the section 341 first meeting of creditors in this case was held on April 14, 2005. 11 U.S.C. § 341. The trustee filed the pending motion on August 19, 2005. No one, including the trustee, had objected to the debtor's March 18, 2005, claim of exemptions either before the section 341 meeting or between that meeting and the time the pending motion was filed.

The trustee asks this Court to require the debtor to turnover the Porsche pursuant to section 542(a) of the Bankruptcy Code, 11 U.S.C. § 542(a). If successful, the trustee intends to sell the vehicle for the benefit of creditors pursuant to section 363(b) of the Bankruptcy Code. 11 U.S.C. § 363(b). The debtor maintains her claim of exemptions pursuant to section 522 of the Bankruptcy Code. 11 U.S.C. § 522.

## III. Conclusions of Law

### A. Applicable Law

Section 542(a) reads:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a)[3]

---

[3] The pending motion involves the first prong of section 542(a), that is, it seeks a turnover by an entity in possession of property that the trustee may use, sell, or lease under section 363. The second prong of 542(a), that is, a turnover by an entity in possession of property that the debtor may exempt under section 522, is an absolute non sequitur when the "entity" from whom the turnover is sought is, as here, the debtor, since that would entail taking

2

Section 363(b) allows a trustee to, "use, sell, or lease..." certain property, 11 U.S.C. § 363(b); however, what property a trustee may administer under section 363(b) is limited by section 363(b) to, "property of the estate." Id.

That "property of the estate" may be further restricted if claimed as exempt by the debtor. Pursuant to section 522(b) of the Bankruptcy Code, a debtor may remove property from the bankruptcy estate which is exempt from the claims of his creditors under state law. Section 522(b) provides in part, "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate, the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection."

Section 522(l) creates the mechanism for a debtor to exempt property from an estate. That section provides in part, "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section." 11 U.S.C. § 522(l). In most cases, a debtor files that list as the Official Form "Schedule C - Property Claimed as Exempt." This debtor filed that schedule in the present case.

If no one objects to the exemptions requested by a debtor in the list filed pursuant to section 522(l), the property claimed on the list as exempt is ipso facto deemed conclusively exempt as a matter of law. Section 522(l) provides, "Unless a party in interest objects, the property claimed as exempt on such list is exempt." Id.

If an interested party wants to object to a debtor's claim of exemptions, pursuant to Rule 4003(b) of the Federal Rules of Bankruptcy Procedure that objection must, as a general rule, be filed within 30 days after the conclusion of the first meeting of creditors. Rule 4003(b) provides:

> A party in interest may file an objection to the list of property claimed as exempt only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. P. 4003(b).[4]

---

exempt property from the debtor and giving it to the trustee for the sole purpose of his giving it back to the debtor.

[4] There are several contingencies within Rule 4003 that could extend the time a party in interest has to file an objection to exemptions. First, the 30-day period does not begin to run until after the first meeting of creditors is "concluded." In this case, that meeting was scheduled for April 14, 2005. There is nothing in the Court's records that indicate that the meeting was not held on, and concluded on, April 14, 2005. There is nothing in the Court's record to indicate that the meeting was called on that day but continued to another day. Consequently, the Court

3

## B. Application of the Law to the Facts

In the list of exempt property this debtor filed with her bankruptcy petition on March 18, 2005, the debtor claimed the Porsche as exempt. Her first meeting of creditors was held, and ostensibly concluded, on April 14, 2005. No objection to the debtor's claimed exemptions was filed by anyone, including the trustee, within the 30-day period following April 14, 2005. That period was not extended and for purposes of the pending matter, the debtor did not amend her schedules after the initial filing.[5] In fact, the trustee's turnover motion, which was filed more than four months after the conclusion of the debtor's first meeting of creditors, represents the first and only "objection" to the debtor's claim of exemptions. Consequently, the Porsche is conclusively, as a matter of law, exempt to the debtor. The trustee is therefore not entitled to have the vehicle turned over to him pursuant to section 542(a).

The trustee disagrees. The trustee contends: (1) he can sell the Porsche for far more than $500; and (2) he is entitled to whatever the car will bring over and above $500. Based on these contentions, the trustee concludes the debtor is entitled to claim only $500 as exempt. Both the Supreme Court of the United States and the Court of Appeals for the Eleventh Circuit Court have rejected similar arguments.

In Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), pursuant to section 522(l), the Chapter 7 debtor listed a pending employment discrimination suit in the schedule of exempt property the debtor filed with her bankruptcy petition. In each of the columns on the schedule entitled "Value of Claimed Exemption," and "Current Market Value of Property Without Deducting Exemption," (where the debtor in the instant case entered "$500.00,") the debtor in Taylor entered the word "unknown." Like the pending case, the trustee did not object to the debtor's claimed exemption of the lawsuit within the time frame provided for in Rule 4003(b).

The employment discrimination suit was later settled for $110,000. After the settlement, the trustee asked the bankruptcy court to direct the debtor's attorneys in the lawsuit to turnover the settlement to him. He argued that because the debtor was not entitled to exempt the bulk of the lawsuit proceeds under applicable state law, as the trustee he was entitled to the difference between the settlement amount and the amount the small portion the debtor was entitled to exempt.

---

presumes that the meeting was concluded on April 14, 2005, and that the 30-day period for the filing of objections began to run on April 15, 2005. Second, other contingencies that could extend the 30-day period or create a new 30-day period involve the filing of amendments to the list of claimed exemptions or the filing of supplemental schedules. Neither of those situations occurred in this case. And third, Rule 4003 allows a party in interest to request an extension of time to file an objection. No such request was made in this case.

[5] After the hearing on this matter, the debtor amended her claim of exemptions to assign a value to the Porsche of $2,000.

4

The United States Supreme Court held that even though the debtor would have been permitted to exempt only a small portion of the proceeds had the trustee filed a timely objection to her claim of exemptions, the debtor and her attorneys were not required to turnover any of the proceeds of the lawsuit because all of the proceeds were exempt to the debtor by operation of section 522(l).

Writing for the Supreme Court, Justice Clarence Thomas explained:

> In this case, as noted, Davis claimed the proceeds from her employment discrimination lawsuit as exempt by listing them in the schedule that she filed under § 522(l). The parties agree that Davis did not have a right to exempt more than a small portion of these proceeds either under state law or under the federal exemptions specified in § 522(d). Davis in fact claimed the full amount as exempt. Taylor, as a result, apparently could have made a valid objection under § 522(l) and Rule 4003 if he had acted promptly. We hold, however, that his failure to do so prevents him from challenging the validity of the exemption now.
>
> Taylor acknowledges that Rule 4003(b) establishes a 30-day period for objecting to exemptions and that § 522(l) states that "[u]nless a party in interest objects, the property claimed as exempt ... is exempt." He argues, nonetheless, that his failure to object does not preclude him from challenging the exemption at this time. In Taylor's view, § 522(l) and Rule 4003(b) serve only to narrow judicial inquiry into the validity of an exemption after 30 days, not to preclude judicial inquiry altogether. In particular, he maintains that courts may invalidate a claimed exemption after expiration of the 30-day period if the debtor did not have a good-faith or reasonably disputable basis for claiming it. In this case, Taylor asserts, Davis did not have a colorable basis for claiming all of the lawsuit proceeds as exempt and thus lacked good faith.
>
> Taylor justifies his interpretation of § 522(l) by arguing that requiring debtors to file claims in good faith will discourage them from claiming meritless exemptions merely in hopes that no one will object. Taylor does not stand alone in this reading of § 522(b). Several Courts of Appeals have adopted the same position upon similar reasoning.
>
> We reject Taylor's argument. Davis claimed the lawsuit proceeds as exempt on a list filed with the Bankruptcy Court. Section 522(l), to repeat, says that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30-day period. Section 522(l)

5

> therefore has made the property exempt. Taylor cannot contest the
> exemption at this time whether or not Davis had a colorable statutory
> basis for claiming it.
>
> Deadlines may lead to unwelcome results, but they prompt parties
> to act and they produce finality. In this case, despite what respondents
> repeatedly told him, Taylor did not object to the claimed exemption. If
> Taylor did not know the value of the potential proceeds of the lawsuit, he
> could have sought a hearing on the issue, see Rule 4003(c), or he could
> have asked the Bankruptcy Court for an extension of time to object, see
> Rule 4003(b). Having done neither, Taylor cannot now seek to deprive
> Davis and respondents of the exemption.

503 U.S. at 643-44 (citations omitted).

In Allen v. Green (In re Green), 31 F.3d 1098 (11th Cir. 1994), pursuant to section 522(l), the Chapter 7 debtor listed a personal injury lawsuit in the schedule of exempt property she filed with her bankruptcy petition. In each of the two columns of the schedule entitled, respectively, "Value of Claimed Exemption," and "Current Market Value of Property Without Deducting Exemption," (where the debtor in the instant case entered "$500.00,") the debtor in Green entered "one dollar" or "$1.00." Again, the trustee did not object to the debtor's claimed exemption of the lawsuit within the time frame provided for in Rule 4003(b).

The trustee subsequently arranged for a settlement of the lawsuit for $15,000. The debtor consented to the settlement but filed a motion to have the entire sum distributed to her pursuant to her claimed exemption. The bankruptcy court denied the motion on the grounds that the debtor was entitled to only $1.00, as that is the amount she had claimed as exempt.

The district court reversed, concluding that the debtor had exempted the entire lawsuit, not just one dollar of its value and that, in accordance with the Supreme Court's decision in Taylor v. Freeland & Kronz, the trustee's failure to object promptly to the debtor's exemption of the lawsuit precluded him from challenging her claim to all of the settlement proceeds.

On appeal to the Eleventh Circuit, the trustee argued that because the debtor exempted only one dollar of the lawsuit, all of the settlement proceeds except for one dollar belonged to the bankruptcy estate. The court of appeals disagreed. Based on Taylor v. Freeland & Kronz, the court held that the value a debtor assigned to an asset in a claim of exemptions constitutes a claim of exemption for the full value of the asset, "whatever it turns out to be." 31 F.3d at 1101.

The present case is factually indistinguishable from both Taylor v. Freeland & Kronz and Allen v. Green (In re Green). The debtor here assigned a value to her car of

6

Case 05-02704-BGC7    Doc 44    Filed 02/06/06    Entered 02/06/06 12:28:33    Desc Main
Document      Page 6 of 7

$500 and claimed that entire value as exempt. The trustee did not object to the debtor's claim of exemption within the time required by Rule 4003(b). Consequently, the vehicle, regardless of its true value, is exempt in its entirety to the debtor. It is therefore, not property which the trustee may use, sell or lease pursuant to section 363(b). And for that reason, it is not subject to turnover pursuant to section 542(a).

### C. Conclusion

Pursuant to the decisions of the United States Supreme Court and the Court of Appeals for the Eleventh Circuit, this Court concludes that once property conclusively becomes exempt under section 522(l) because no objection to the claim has been timely filed, that property no longer constitutes "property of the estate." And since it is not "property of the estate," the trustee cannot use, sell, or lease it pursuant to section 363(b). And if the trustee cannot use, sell, or lease it pursuant to section 363(b), the trustee cannot obtain turnover pursuant to section 542(b).

### IV. Postscript

On September 2, 2005, only three days after the hearing on this matter, the debtor amended her claim of exemptions to reflect a value of the vehicle of $2,000. At the same time, she increased her claim of exemptions in the vehicle to $1,545. On September 13, 2005, the trustee filed a general objection to the debtor's claim of exemptions. The question remains: Are the parties' rights in the vehicle now different from those presented to this Court in regard to the subject of this Order? The Court has not considered that question here; however, a hearing on the trustee's objection is scheduled before this Court for February 28, 2006, at 2:00 p.m.

### V. Order

Based on the above, it is **ORDERED** that:

1. The Motion for Turnover is **DENIED**;

2. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

Dated: February 6, 2006

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge

BGC:sm